# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:                              )
                                    )   **JUDGE RICHARD L. SPEER**
Keith Rable                         )
                                    )   Case No. 10-35681
    Debtor(s)                  )
                                    )

## DECISION AND ORDER

This cause comes before the Court on the Motion of the United States Trustee to Dismiss this case pursuant to 11 U.S.C. § 707(b)(1), § 707(b)(2) and § 707(b)(3). (Doc. No. 13). The Debtor filed a response, objecting to the dismissal of his case. (Doc. No. 17). A Hearing was then held on the matter. (Doc. No. 18). At the conclusion of the Hearing, the Court afforded the Debtor the opportunity to submit updated financial information, which the Debtor has now filed. (Doc. No. 20). Based upon a review of this information, as well as the entire record of this case, the Court finds, for the reasons now explained, that the Motion of the United States Trustee to Dismiss has merit.

## BACKGROUND

On April 9, 2010, the Debtor, Keith A. Rable, filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. (Doc. No. 1). In the schedules filed with his petition, the Debtor disclosed that he had $133,968.39 in unsecured debt, The Debtor also disclosed that he is married and that he has two minor children, both of whom are dependents.

At the time he filed his bankruptcy petition, the Debtor also, as required by the Bankruptcy Rules, submitted an Official Form B22A, entitled "Chapter 7 Statement of Current Monthly Income and Means-Test Calculation." This form implements the directive of § 707(b)(2)(C), by requiring a debtor to perform the 'means test' calculation of § 707(b)(2) so as to determine if granting relief in the case should be presumed to be an abuse.

In re Keith Rable
Case No. 10-35681

In completing Form B22A, the Debtor represented that he was an Ohio resident. The Debtor also represented on this form that he had a gross monthly income of $1,531.00, and that his wife, who is not a debtor in this case, had a gross monthly income of $5,885.77. Based upon these figures, the Debtor reported on line 12 of Form B22A a current monthly household income of $7,416.77. As then required by Line 13 of Form B22A, the Debtor annualized this income, showing a yearly household income of $89,001.24.

The 'means test' of § 707(b)(2) requires that a debtor having an annualized income above the state-median income for a like-size household to complete Form B22A by itemizing those expenditures allowed by statute. At the time the Debtor filed his petition for bankruptcy relief, the median income for a family of four in the state of Ohio was $73,040.00.[1] Because his annualized income of $89,001.24 exceeded this figure, the Debtor completed Form B22A.

In completing the 'means test' calculation on Form B22A, a debtor is directed to subtract his allowed expenditures from his annualized income so as to yield the debtor's "disposable income." If, after performing this calculation, the debtor's remaining income, as calculated over a five-year period, satisfies one of two conditions, the granting of relief in the case is then presumed to be abusive: (1) the debtor's income is greater than $11,725.00; or (2) although less than $11,725.00, the debtor's income is greater than $7,025.00 and that amount will pay more than 25% of the debtor's unsecured debt. 11 U.S.C. § 707(b)(2)(A)(i). On a per month basis, these income thresholds total $195.42 and $117.08 respectively.

---

[1] http://www.justice.gov/ust/eo/bapcpa/20100315/bci_data/median_income_table.htm

Page 2

In re Keith Rable
Case No. 10-35681

On his Form B22, the Debtor reported a negative monthly disposable of $786.64. As a result, the Debtor reported that the filing of his bankruptcy case was not presumptively abusive for purposes of § 707(b)(2). For its Motion to Dismiss, however, the UST disputed this determination.

## DISCUSSION

This matter is before the Court on the Motion of the UST to Dismiss. The determination of a matter such as this, concerning the dismissal of a case, which affects both the ability of a debtor to receive a discharge and directly affects the creditor-debtor relationship, is deemed to be core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(J)/(O). As such, this Court has jurisdiction to enter final orders and judgments in this matter. 28 U.S.C. § 157(b)(1).

The Motion of the UST to Dismiss is brought pursuant to 11 U.S.C. § 707(b)(1), § 707(b)(2) and § 707(b)(3). These sections operate together, with § 707(b)(1) first setting forth the foundational mandate, providing that, where the granting of relief under Chapter 7 would be an abuse, the debtor's case is to be dismissed. Sections 707(b)(2) and 707(b)(3) then set forth separate methodologies by which a determination of abuse is to be assessed under § 707(b)(1). If either of the methods set forth in § 707(b)(2) or § 707(b)(3) then result in a finding of abuse, the case becomes ripe for dismissal under § 707(b)(1). *In re Longo*, 364 B.R. 161, 164 (Bankr. D.Conn. 2007).

For purposes of § 707(b)(2), the UST challenged the Debtor's determination that the filing of his case is not presumptively abusive. In doing so, the UST took issue with the marital adjustment made by the Debtor on his 'means test' calculation. In the words of the UST:

> In arriving at negative $786.64, the debtor deducts the sum of $2,003.56 on Line 17 as a martial adjustment with the notation of "First mortgage" and "Second mortgage." The debtor may not deduct these amounts because these

Page 3

In re Keith Rable
Case No. 10-35681

> mortgage payments are paid for the household expenses of the debtor and the debtor's dependents.

(Doc. No. 13, at pg. 2-3). Accordingly, the UST maintains that once the Debtor's marital adjustment of $2,003.56 is eliminated, the Debtor's monthly 'disposable income,' for purposes of the 'means test' calculation of § 707(b)(2), should be set at $1,216.92, an amount which gives rise to a presumption of abuse since it significantly exceeds $195.42, the maximum abuse threshold.

The position taken by the UST is consistent with this Court's recent decision in *In re Shannon Q. Sturm*, Case No. 10-34829 (January 7, 2011). In *In re Sturm*, the debtor, a married woman, filed a petition for relief under Chapter 7 of the Code. As in the instant case, the debtor's spouse did not join the debtor in seeking bankruptcy relief. Also, as in this case, the debtor reported on Form B22A a negative disposable income for purposes of the 'means test' calculation of § 707(b)(2).

In arriving at a negative 'disposable income,' the debtor in *In re Sturm* itemized a number of expenditures of her spouse, which the debtor claimed as a marital adjustment on line 17 of her Form B22A. Among the expenses claimed by the debtor as a marital adjustment was a monthly expenditure of $1,250.00 for a home equity loan incurred by her spouse against the marital residence. The UST objected to the allowance of this expenditure as a marital adjustment.

In finding the objection of the UST to have merit, the Court turned first to the Bankruptcy Code's definition of "current monthly income," which forms the starting point in any § 707(b)(2) 'disposable income' calculation. Under the Code, the term "current monthly income" is defined to include "any amount paid by any entity other than the debtor (or in a joint case the debtor and the debtor's spouse), on a regular basis for the household expenses of the debtor or the debtor's dependents (and in a joint case the debtor's spouse if not otherwise a dependent) . . ." Based upon this definition, this Court then explained:

Page 4

In re Keith Rable
Case No. 10-35681

> where a debtor is married, but the debtor's spouse does not file for bankruptcy relief, the current monthly income of a debtor will include not only the debtor's income but that of the non-filing spouse provided that the income of the nondebtor spouse is paid toward the household expenses of the debtor or the debtor's dependents on a regular basis. This means that to the extent that a non-filing spouse's income is deemed to be a contribution to the debtor's household expenses, it will raise the debtor's current monthly income and increase the likelihood that the presumption of abuse will arise.

*In re Sturm*, Case No. 10-34829, at pg. 5 (internal citation omitted), *citing In re Travis*, 353 B.R. 520, 526 (Bankr. E.D.Mich. 2006).

Pursuant, therefore, to this Court's decision in *In re Sturm*, the key to the marital adjustment on Line 17 of Form B22A is not who holds legal responsibility for the debt, but rather whether the expense is paid by the nondebtor spouse "on a regular basis for the household expenses of the debtor or the debtor's dependents[.]" *Id.*, at pg. 7, *quoting* 11 U.S.C. § 101(10A)(B). Looked at from this perspective, it may be first said that if an expense is paid by the nondebtor spouse on a regular basis to the household expenses of the debtor, then the expenditure cannot be taken as a marital adjustment, thus resulting in a higher "disposable income" figure for the debtor. The opposite then holds true, so that an expenditure purely personal in character to the nondebtor spouse (*e.g.*, a student-loan debt) would be allowed as a marital adjustment on Line 17 of Form B22A, thereby decreasing a debtor's "disposable income."

In this case, the Debtor acknowledged that he and his spouse reside in the same residence. As a result, the mere fact that the Debtor's spouse, but not the Debtor, is the only party having a legal obligation to pay the debts secured by the first and second mortgages on the marital residence does not afford a basis for the Debtor to make a marital adjustment to his 'disposable income' on Line 17 of Form B22A. To the contrary, with the Debtor residing in the marital property, the costs incurred by the Debtor's spouse to service the first and second mortgages on the property are, by their very

Page 5

In re Keith Rable
Case No. 10-35681

nature, paid by the nondebtor "on a regular basis for the household expenses of the debtor or the debtor's dependents[.]"

Accordingly, consistent with this Court's recent decision in *In re Sturm*, the Debtor improperly took a marital deduction on Line 17 of Form B22A for the sum of $2,003.56, representing the monthly amount the Debtor's spouse is obligated to pay to service the two mortgages encumbering the marital residence. When this adjustment is then made to his 'means test' calculation on Form B22A, the Debtor's 'disposable income' must be revised upward from a negative $786.64 to $1,216.92. Moreover, since this amount exceeds the monthly abuse threshold of $195.42, as set by Congress in 11 U.S.C. § 707(b)(2)(A)(i)(II), granting relief to the Debtor under Chapter 7 of the Bankruptcy Code must be presumed to be an abuse.

No evidence was offered under § 707(b)(2)(B) of "special circumstances" – *e.g.*, "a serious medical condition or a call or order to active duty in the Armed Forces" – so as to rebut this presumption. The Court is, therefore, required to find that the Debtor is not entitled to relief under Chapter 7 of the United States Bankruptcy Code. In reaching this conclusion, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Page 6

In re Keith Rable
Case No. 10-35681

Accordingly, it is

**ORDERED** that, subject to the Debtor's election to convert this case, the Motion of the United States Trustee to Dismiss under 11 U.S.C. § 707(b)(1) and § 707(b)(2), be, and is hereby, GRANTED.

**IT IS FURTHER ORDERED** that the Clerk, United States Bankruptcy Court, is directed to prepare for presentation to the Court an order of dismissal under 11 U.S.C. § 707(b)(1) if, at the opening of business on Monday, March 21, 2011, this case is still proceeding under Chapter 7 of the United States Bankruptcy Code.

Dated: March 4, 2011

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 7

# ***CERTIFICATE OF SERVICE***

Copies were mailed this 4th day of March, 2011, to the following parties:

John N Graham
5151 Monroe St, #245
Toledo, OH 43623

Keith A Rable
5254 Weckerly Rd
Monclova, OH 43542

John L Jacobson
3450 W Central Ave, #124
Toledo, OH 43606-4347

Recovery Mgmt Systems Corp
25 S.E. 2nd Ave, #1120
Miami, FL 33131

Office of the U.S. Trustee
201 Superior Ave, E, #441
Cleveland, OH 44114

/s/ Robert C.W. Birmingham
Deputy Clerk, U.S. Bankruptcy Court